IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY CONSTRUCTION ) <br> WORKERS FRINGE BENEFIT FUNDS ) <br> and MICHAEL T. KUCHARSKI, as ) <br> Administrative Manager, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> A & J POWER MASONRY CLEANERS, ) <br> INC., a dissolved Illinois corporation, a/k/a ) <br> A & J MASONRY CLEANERS, ) <br> ) <br> ADRIAN SOTO, individually and d/b/a ) <br> A & J POWER MASONRY CLEANERS, ) <br> INC., a/k/a A & J MASONRY ) <br> CLEANERS, ) <br> ) <br> Defendants. ) | FILED: MAY 7, 2008 <br> 08CV2620   PH <br> JUDGE GOTTSCHALL <br> MAGISTRATE JUDGE MASON <br> CIVIL ACTION <br><br> NO. <br><br> JUDGE |

**COMPLAINT**

The Plaintiffs, FOX VALLEY CONSTRUCTION WORKERS FRINGE BENEFIT FUNDS and MICHAEL T. KUCHARSKI, Administrative Manager, by their attorneys, complaining of the Defendants, A & J POWER MASONRY CLEANERS, INC., a dissolved Illinois corporation, a/k/a A & J MASONRY CLEANERS and ADRIAN SOTO, individually and d/b/a A & J POWER MASONRY CLEANERS, INC., a/k/a A & J MASONRY CLEANERS, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs, the FOX VALLEY CONSTRUCTION WORKERS FRINGE BENEFIT FUNDS, are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds," and "plans," under ERISA and Plaintiff, MICHAEL T. KUCHARSKI, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

3. Defendant, A & J POWER MASONRY CLEANERS, INC., was incorporated under the laws of the State of Illinois on October 28, 2004 and was involuntarily dissolved by the Illinois Secretary of State on or about March 14, 2008.

4. Defendants are obligated to make fringe benefit contributions to the Funds, under the terms of the certain "Agreements and Declarations of Trust," establishing and outlining the administration of these Funds, and, pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant, A & J POWER MASONRY CLEANERS, INC., a/k/a A & J MASONRY CLEANERS.

5. As employers obligated to make fringe benefit contributions to the Funds, Defendants are specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendants to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendants are making full payment as required under the applicable agreements;

    (d)    To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendants' failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

    (e)    To pay any and all costs incurred by Plaintiffs in auditing Defendants' payroll records, should it be determined that Defendants were delinquent in the reporting or submission of all contributions required of them to be made to Plaintiffs;

    (f)    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendants to submit their payroll books and records for audit or to recover delinquent contributions;

    (g)    To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

5.    Defendants are delinquent and have breached their obligations to Plaintiffs and their obligations under the plans in the following respect:

    Defendants have failed to make payment of contributions, liquidated damages, accrued interest and audit fees based upon an audit of the Defendants' payroll records showing Defendants to have been delinquent in the payment of contributions and to have reported hours worked by their employees incorrectly to Plaintiffs.

6.    That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendants, there is a total of $113,305.30, known to be due Plaintiffs from Defendants, subject however to the possibility that additional monies may be due Plaintiffs from Defendants based upon Defendants' failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

7.      Plaintiffs have requested that Defendants perform their obligations as aforesaid, but Defendants have failed and refused to so perform.

8.      Defendants' continuing refusal and failure to perform their obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A)   That an account be taken as to all employees of Defendants covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B)   That Defendants be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with their contractual obligation to timely submit such reports in the future;

(C)   That judgment be entered in favor of Plaintiffs and against Defendants for all unpaid contributions, liquidated damages, any costs of auditing Defendants' records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(D)   That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendants' cost.

/s/   Patrick N. Ryan

Catherine M. Chapman
Patrick N. Ryan
Cecilia M. Scanlon
Attorneys for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Telephone:  (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\Fvcwj\A & J\complaint.pnr.df.wpd